Shale H. GOLLOP, Relator,

v.

Shale H. GOLLOP, D.D.S., and St. Paul Fire & Marine Insurance Company, Respondents,

Blue Cross/Blue Shield of Minnesota, Intervenor, Respondent.

No. C1-85-2343.

Supreme Court of Minnesota.

June 27, 1986.

Thomas Laughlin, St. Paul, for relator.

Kay Nord Hunt, Robyn N. Moschet, Minneapolis, for Gollop, D.D.S. & St. Paul Fire & Marine.

Indru S. Advani, St. Paul, for Blue Cross/Blue Shield.

AMDAHL, Chief Justice.

Employee, a self-employed dentist, seeks review of a decision of the Workers' Compensation Court of Appeals which determined that he did not have insurance coverage for workers' compensation liability on January 1, 1981, and vacated an award of compensation based on the compensation judge's determination that the cumulative effects of employee's work activities had resulted in a personal injury, an aggravation of a preexisting cervical spondylosis, which resulted in temporary partial disability between January 1, 1981, and February 8, 1983, for which employee waived any claim to compensation; in temporary total disability from February 9 to June 30, 1983; in temporary partial disability thereafter; and in a 30% permanent partial disability of the back. Employee contends that the WCCA erred in reversing the compensation judge's finding that he had workers' compensation coverage in the years 1981, 1982 and 1983, and that it also erred in determining that a finding he had sustained a personal injury on January 1, 1981, was res judicata and not reviewable. We reverse and remand for a new hearing.

With respect to the coverage issue, the record discloses that at the beginning of the compensation hearing the employer-insurer admitted that insurance coverage existed. At that point, however, employee claimed that he had sustained a personal injury by March 1982 and the employer-insurer took the position that there was no causal relationship between his condition and his work or, alternatively, that he did not sustain compensable injury until February 9, 1983, when he underwent surgery required by the development of a spinal lesion. It is clear that the employer-insurer's admission of coverage did not concede coverage on January 1, 1981, so the compensation judge's finding that there was coverage at that time is unsupported.

However, upon the employer-insurer's appeal from the compensation judge's award, the WCCA substituted its finding that coverage did not exist on that date, basing the finding upon an affidavit which the insurer prepared after the compensation judge's decision was filed. As a court of review, the WCCA improperly considered the affidavit, which obviously had never been submitted to the compensation judge for consideration, and its finding that employee was not insured for workers' compensation liability on January 1, 1981, cannot stand. Although it was justified in setting aside the compensation judge's finding of coverage, the WCCA's proper course was to remand the matter for a further evidentiary hearing on the issue.

It is clear also that the WCCA erred in determining that the employer-insurer's appeal had brought before it only the issue of coverage. Without adverting to the notice of appeal filed by the employer-insurer, the WCCA treated the appeal as involving only the coverage issue, interpreted the compensation judge's decision as setting forth an injury date of January 1, 1981, and determined that the compensation judge's decision on that issue was res judicata because Minn.Stat. § 176.421, subd. 6 (1984), limits the jurisdiction of the WCCA to issues raised by a party on appeal or cross-appeal. However, the notice of appeal demonstrates that the compensation judge's findings concerning employee's injury were placed in issue on appeal. The notice of appeal lists as "specific findings appealed from" findings 4 and 9 of the compensation judge's decision, which provided:

4. As a result of the cummulative effect of employee's employment activities as a dentist for many years the employee sustained a personal injury in the nature of an aggravation of a preexisting spondylosis of the cervical spine resulting in disability commencing January 1, 1981, in the nature of a loss of ability to engage in the full-time duties of his occupation efficiently and loss of wage earning

capacity resulting from the impairment affecting employee's efficiency and therefore, employee was temporarily partially disabled from on or about January 1, 1981 to February 9, 1983.

\*    \*    \*    \*    \*    \*

9. As a further result of employee's personal injury of January 1, 1981 to February 9, 1983, employee has suffered a 30% permanent partial disability to his back and spine based upon the injury to his cervical spine superimposed upon his underlying spondylosis.

The findings clearly dealt with the nature and time of employee's injury, and the WCCA erred in determining that the date of injury was res judicata.

Moreover, it is difficult to determine whether the compensation judge was in fact determining that the date of injury was January 1, 1981. Finding 4 would suggest that this is so, as did the compensation judge's determination of employee's compensation rate based on his 1980 earnings, but Finding 9 sets forth a *Gillette* injury culminating in disability on February 9, 1983. The findings appear to be inconsistent. Moreover, no evidence appears to support an injury date of January 1, 1981. At that time employee had lost no time from work, and had noticed no neurological symptoms.

We conclude that the only appropriate response to the problems raised by the case is to reverse the decision under review and to remand the matter for a new hearing on all issues.

Employee is awarded attorney fees of $400.